**Lynn F. BARNABE**

v.

**Louise KRUEGER et al.**

v.

**GENERAL ACCIDENT INSURANCE
COMPANY et al.**

**No. 93–479–Appeal.**

Supreme Court of Rhode Island.

April 22, 1994.

Michael Colucci, Warwick.

Susan DiBiasio, Warwick, Jessica Papazi-
an–Ross, Providence.

**ORDER**

This case came before the Supreme Court
for oral argument on April 12, 1994, pursuant
to an order directing Metropolitan Property
and Liability Insurance Company (Metropoli-
tan) to show cause why the issues raised by
its appeal should not be summarily decided.

Metropolitan appealed from a Superior
Court order that had granted a motion for
summary judgment by third-party defendant
Pennsylvania General Insurance Company
(Pennsylvania General). At issue is the in-
terpretation of Metropolitan's policy in re-
spect to providing contribution for uninsured-
motorist coverage in an accident in which
Lynn F. Barnabe (Barnabe) sought recovery.

After reviewing the memoranda submitted
by the parties and after considering the ar-
guments of counsel, we are of the opinion
that cause has not been shown, and the is-
sues will be summarily decided.

Barnabe was a passenger in a car owned
and operated by Louise Krueger (Krueger)
and insured by Metropolitan at the time of
an accident. A Superior Court jury returned
a verdict in favor of Krueger on the negli-
gence claim and found that the accident and
Barnabe's injuries were caused by an unin-
sured motorist. The jury awarded Barnabe
$461,000 in damages and Metropolitan paid
Barnabe its policy limit of $50,000.

The trial justice ruled that Metropolitan
had no right to contribution from Pennsylva-
nia General because Metropolitan's insurance
was primary and Pennsylvania General's cov-
erage was excess. We concur.

The excess insurance clause in Metropoli-
tan's policy was not triggered because the
named insured, Krueger, owned the vehicle.
The excess or secondary coverage would
have been triggered if "you do not own the
vehicle," the "you" clearly referring to the
policy owner, Krueger. Thus, Metropolitan's
excess clause was inapplicable to this situa-
tion.

Consequently, the trial justice did not err
in entering summary judgment on behalf of
Pennsylvania General. Therefore, Metropol-
itan's appeal is denied and dismissed, and the
entry of summary judgment in respect to
Pennsylvania General is affirmed.

MURRAY, J., did not participate.